## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02871-MSK-MJW

DISTINCTIVE MANTLE DESIGNS, INC., a Colorado corporation,

    Plaintiff,

v.

BENJAMIN MICHAEL BUTTON, an individual;
MICHAEL BUTTON, an individual;
AFFINITY FIREPLACES, a Colorado limited liability company; and
CAST LIMESTONE CREATIONS, a Colorado limited liability company,

    Defendants.

## AMENDED STIPULATED PROTECTIVE ORDER

Plaintiff Distinctive Mantle Designs, Inc. ("DMD"), and Defendants Benjamin Michael Button, Michael Button, Affinity Fireplaces, and Cast Limestone Creations ("Defendants"), may each seek documents or other information in discovery that contain confidential and/or trade secret information of the other party or of a third-party in connection with the above-captioned case (the "Action"). This Protective Order balances the interests of the public against the interests of the parties in avoiding disclosure of such information. This Protective Order is limited in scope and narrowly tailored, protecting only that information necessary to guard the movants' (and/or Non-Parties') privacy and/or property rights, and no more.

THEREFORE, the parties jointly move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for entry of this Protective Order. This ORDER and any amendments or modification hereto shall govern information furnished by any party or by any Non-Party from

whom discovery or information is sought in connection with this proceeding. The Court having found that, in light of the nature of the competitively sensitive, proprietary, confidential information that may be sought in discovery, good cause exists for the entry of the following Protective Order:

IT IS HEREBY ORDERED that this Protective Order is hereby entered in this Action:

1. <u>Definitions</u>: For purposes of this Order the following capitalized terms shall have the meanings indicated:

a. "Confidential Information," "Highly Confidential" or "Attorneys Eyes Only" information shall mean information that contains proprietary, confidential and/or commercially sensitive information; confidential information about Defendants or Plaintiff and/or any of their affiliates and/or business customers that derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, their competitors and/or other persons who can obtain economic value from such disclosure or use, or if publically disclosed could cause harm to the party's (and/or Non-Party's) competitive position; trade secret; or other proprietary or confidential Documents or other information including but not limited to, business, accounting, sales, marketing, tax, bank, and employment records, training procedures, design drawings in any medium, copyright applications, licenses, agreements, and contracts, trade data and research and development documents, customer identity and lists, and computer software programs in source code or object code. "Highly Confidential" and "Attorneys Eyes Only" designations shall be further limited to particularly sensitive information that the producing party believes in good faith cannot

be disclosed without material threat of potential competitive injury due to the proprietary, confidential and or commercially sensitive nature of such information. The "Attorneys Eyes Only" designation shall be further limited to confidential information for which the Producing Party reasonably believes the threat of competitive injury warrants restricting access to such information as set forth below. The disclosure of "Confidential Information" shall be restricted to the Requesting Party and its Counsel. The disclosure of "Highly Confidential" shall be restricted to Counsel and no more than three specifically designated and named employees or representatives of the Requesting Party with their agreement to limit use of the disclosures solely for purposes of prosecuting or defending the claims in this case, as more fully set forth in Paragraphs 3 and 12 below. The disclosure of "Attorneys' Eyes Only" information shall be restricted to the Requesting Party's Counsel. "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" shall not be disclosed to any third party, except as expressly provided herein.

    b.    "Counsel" shall mean the counsel of record for the respective parties in this matter including their staff and independent contractors, and such legal, clerical, paralegal and secretarial staff employed or retained by counsel of record for the sole purpose of assisting in the litigation.

    c.    "Documents" shall mean tangible records and things produced in any form in this matter including, without limitation, printed matter, electronic media or physical things.

d.  "Requesting Party" shall mean the party to this lawsuit seeking disclosure of information in response to written discovery, requests for admission, deposition questions, subpoenas or otherwise.

e.  "Producing Party" shall mean the party from whom disclosure of information is sought in response to written discovery, requests for admission, deposition questions, subpoenas or otherwise.

2.  Designations:

a.  Documents and Responses to Discovery: Information subject to this Protective Order, as may be amended from time to time includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, electronically stored information, information produced pursuant to subpoena or any Order of Court, and any writings or things produced, given or filed in this action that are designated by the Producing Party as "Confidential Information," "Highly Confidential" or "Attorneys Eyes Only" information in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.  Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a Document produced in this matter or portions thereof, which is deemed by a Producing Party to disclose "Confidential Information," "Highly Confidential" or "Attorneys Eyes Only" information of that party, shall be so identified by that party with the name of the classifying party, e.g., "Plaintiff"

or "Defendant," followed by a designation of "Confidential," "Highly Confidential" or "Attorneys Eyes Only." The identity of the Producing Party need not be provided if it is indicated as part of the production number (e.g., Plaintiff's document "P00001") contained on the document.

Where it will not be feasible for the Producing Party to place a legend on every page and thing so produced (e.g., electronically stored information that is produced in its native format), the Producing Party may use (and identify to the receiving party) other reasonable means to designate the information as "Confidential Information," "Highly Confidential" or "Attorneys Eyes Only" information. It is the responsibility of counsel for each party to maintain those materials so identified in a secure manner and appropriately identified so as to allow access to such information only to such person and under such terms as is permitted under this Protective Order.

Unless otherwise agreed between the parties or otherwise permitted under this Order, the identification and designation of "Confidential Information," "Highly Confidential" or "Attorneys Eyes Only" information shall be made at the time when the information is produced.

b.  Document Inspections: The parties recognize that in some instances it may not be possible to identify or designate specific Documents containing "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information prior to inspection due to the volume of Documents and/or the legitimate desire of a party not to mark its original records. In such case, no Documents of the Producing Party shall be

removed from the site of the inspection or copied until such Producing Party has had an opportunity to review and designate such Documents in the manner previously explained.

      c.      Depositions: Deposition transcripts shall be treated initially as "Confidential Information" in their entirety until fifteen (15) days after receipt unless the parties expressly agree otherwise.  In the event a party other than the Producing Party wishes to have another person attend the deposition, that person shall withdraw from the deposition when requested to do so by the other party asserting the confidentiality of the deposition testimony and exhibits.  This provision shall not apply to parties or their designated expert witnesses.  Within fifteen (15) days after receipt of the transcript, any party may designate portions of a deposition transcript as "Confidential," "Highly Confidential" or "Attorneys' Eyes Only."  The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines and exhibits constituting "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information.  If portions of the transcript or exhibits were designated as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information during the deposition, such designation remains in force and need not be reasserted under this paragraph.  After fifteen (15) days, only those portions of any transcript which are separately designated as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information (whether during the deposition or after the receipt of the transcript) shall be deemed entitled to protection as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information.  Documents designated as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information

pursuant to this Order shall retain their "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information status even though marked as a deposition exhibit, and such status need not be reasserted under this paragraph.

  d. Non-Parties: Non-Parties from whom documents are obtained may designate said documents as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information in accordance with the terms of this Order.

  e. Inadvertent Failure to Designate as Confidential, Highly Confidential or Claim Attorney-client Privilege or Attorney Work Product Protection: If, through inadvertence, a Producing Party provides any material containing "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information without designating the material as such, whether by document production or deposition testimony, the Producing Party may subsequently inform the Receiving Party in writing of the "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information status of the material and designate it as confidential. The Receiving Party shall thereafter treat the disclosed material as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information in accordance with the written notification of the inadvertent disclosure. The Receiving Party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information designation of such designation and of this Order. Any Documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the Requesting Party, and the Requesting Party shall also

destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. Pursuant to Rule 502, specifically 502(d) and (f) of the Federal Rules of Evidence it is specifically ordered that any such inadvertent disclosure, whether as part of a voluminous document review or otherwise, shall not be deemed a waiver of the attorney-client privilege or work product doctrine for this case or any other matter or proceeding.

       3.    <u>Restrictions on Use</u>: Any "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information produced during the course of this Action shall be used solely for the purposes of this Action and shall not be disclosed or used by the Requesting Party or its Counsel for any business, commercial, competitive, publicity or other purposes. A Requesting Party or its Counsel shall not use any "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information for purposes of obtaining media attention or exposure or publicizing this litigation. All obligations and duties arising under this Order shall survive the termination of this Action. This Court retains jurisdiction over the parties to resolve any dispute regarding the improper use of information disclosed under this Order until termination of this case.

       4.    <u>Court Ordered Disclosure</u>: Nothing herein shall prevent disclosure beyond the terms of this Order if the Court, after notice to all affected parties and an opportunity to be heard, orders such disclosure.

       5.    <u>Obligations of Counsel</u>: It shall be the responsibility of Counsel for the respective parties herein to ensure strict compliance with the provisions of this Order in their dealings with "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information, and it

shall be the responsibility of Counsel to take reasonable and proper steps to ensure that this Order and all provisions thereof are made known to any person who shall examine "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information as provided herein. All persons responsible for determining that discovery responses, Documents and depositions contain "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information shall be familiar with this Order and the scope of its protection. All "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information including any and all copies thereof shall be kept by Counsel in a place appropriately safe, given its status. "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information may be disclosed to third persons only in accordance with this Protective Order and only to the extent necessary for conducting this litigation and only as follows:

    a.    <u>Upon Mutual Agreement</u>:  With the exception of witnesses who either authored or previously received the "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information, such information may be disclosed to other persons not authorized by this Order only with the mutual agreement in writing between Counsel in advance of any disclosure to such person and only upon execution of the Acknowledgment attached hereto as **Exhibit A**.

    b.    <u>Deposition Witnesses</u>:  "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information may be disclosed to deposition witnesses during a deposition while being questioned by Counsel for a party in connection with this Action, but only to the extent necessary to assist such Counsel in the prosecution or defense of this Action, to the extent relevant to information reasonably believed to be within their knowledge, and provided that such witness signs an Acknowledgement in the form attached as **Exhibit A** and thereby agrees to be

bound by the terms of this Order. No Acknowledgment is required if the witness being questioned is a present employee of the Producing Party.

      c.      <u>Authors or Recipients</u>: "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information may be disclosed to an author or prior recipient of the "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist Counsel in the prosecution or defense of this Action.

      d.      <u>Insurance Representatives</u>: "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information may be disclosed to the claims counselor representative of any insurer of any party to this Action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this Action and provided that such person sign an Acknowledgement in the form attached as **Exhibit A** and thereby agree to be bound by the terms of this Order.

      e.      <u>Administrative Professionals</u>: "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information may be disclosed to photocopying, imaging, data base, graphics or design services retained by Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action and to stenographers and videographers employed by Counsel in connection with depositions and other like proceedings, provided that such person sign an Acknowledgement in the form attached as **Exhibit A** and thereby agree to be bound by the terms of this Order.

      f.      <u>Experts</u>: "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information may be disclosed to expert witnesses disclosed pursuant to F.R.C.P.

26(a)(2)(B) or (C) ("Experts") or an expert employed only for trial purposes pursuant to F.R.C.P. 26(b)(4)(D) ("Non-testifying Experts") provided that such person(s) sign(s) an Acknowledgement in the form attached as **Exhibit A** and thereby agree(s) to be bound by the terms of this Order.

      6.    <u>Effect of Protective Order on Confidentiality Status</u>:  Entering into, agreeing to, and/or producing or receiving "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information or otherwise complying with the terms of this Order shall not:

      a.    operate as an admission by any party that any particular "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information produced by another party or Non-Party contains or reflects trade secrets, proprietary or sensitive information, or any type of proprietary or confidential information.

      b.    operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information.

      c.    prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery.

      d.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

e.  prejudice in any way the rights of a party to seek determination by the Court whether any "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information should or should not be subject to the terms of this Order.

f.  prevent the parties of this Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided herein with respect to any particular "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information.

7.  <u>Pleadings</u>: All papers, documents and transcripts containing or revealing the substance of "Confidential," , "Highly Confidential" or "Attorneys Eyes Only" information shall be filed in accordance with D.C.COLO.LCivR 7.2, and therefore shall be filed as restricted Level 1 documents and shall be filed with a Motion to Restrict Access. It shall be the responsibility of the Party that designated the information "Confidential," "Highly Confidential" or "Attorneys Eyes Only" to file the Motion to Restrict Access required by Local Rule 7.2.

8.  <u>Contested Designations</u>: A party shall not be obligated to challenge the propriety of designating any document as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party seeking to limit disclosure shall have seven (7) calendar days from receipt of written notice contesting the confidential designation to file a motion for protective order with the Court.

If the party seeking to limit disclosure fails to file the requisite motion for protective order, on the eighth (8th) calendar day the information shall be deemed not to be "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information, as the case may be, under this Order.  The party seeking to limit disclosure of information shall bear the burden of proof that it should be protected as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information.  The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not, in fact "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information.  While "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information protected hereunder if it is demonstrated that such information either:

a. is in the public domain at the time of disclosure as a composite item of information (e.g., customer telephone number also with composite identification as a customer of the disclosing party, etc.);

b. becomes part of the public domain with no breach of any obligations to or for the benefit of the Producing Party; or

c. is received by the Receiving Party lawfully at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

9. <u>Non-waiver</u>: The production of Documents by a Producing Party under the terms of this Order and in response to a request by a Requesting Party shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of said Document. Nothing contained herein shall preclude any party from opposing any discovery on any basis.

10. <u>Trial Procedures</u>: The parties agree to request jointly that the Court implement appropriate procedures to protect "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

11. <u>Modification</u>: Stipulations may be made between Counsel for the respective parties as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

12. Within sixty (60) calendar days after the final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information, and to certify to the Producing Party or Non-Party such destruction or return. Each party's attorney may keep one copy of the documents produced, whether or not they are

designated as Confidential, Highly Confidential or Attorneys' Eyes Only, as an archival copy. All such copies shall be maintained in a confidential manner consistent with how the attorney would normally keep the attorney's own highly confidential information.

13. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Colorado, and such other sanctions as may be available to the Court, including the power to hold parties or other violators in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order, as may be amended from time to time, are fully reserved.

14. <u>Interim Effect</u>: This Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" information produced under the terms of this Order shall be protected by the parties pursuant to these terms.

15. <u>Acknowledgment:</u> The Parties acknowledge any designation made pursuant to this Protective Order is subject to the certification requirement under F.R.C.P. 26(g).

Date:  July 21, 2014                  s/ Michael J. Watanabe
       Denver, Colorado             Michael J. Watanabe
                                      United States Magistrate Judge

AGREED AS TO FORM AND SUBSTANCE:

**IRELAND STAPLETON PRYOR & PASCOE, PC**


*s/ Benjamin J. Larson*
Kelley B. Duke
Benjamin J. Larson
IRELAND, STAPLETON, PRYOR & PASCOE, P.C.
717 17th Street, Suite 2800
Denver, Colorado  80202
kduke@irelandstapleton.com
tatkinson@irelandstapleton.com
blarson@irelandstapleton.com

*ATTORNEYS FOR PLAINTIFF*
*DISTINCTIVE MANTLE DESIGNS, INC.*


**PENDLETON, WILSON, HENNESSEY & CROW, P.C.**


*s/ J. Mark Smith*
J. Mark Smith
1875 Lawrence Street
Tenth Floor
Denver, CO 80202-1898
Telephone:     (303) 839-1204
msmith@pwhclaw.com

*ATTORNEYS FOR DEFENDANTS*
*BENJAMIN MICHAEL BUTTON,*
*MICHAEL BUTTON,*
*AFFINITY FIREPLACES, AND*
*CAST LIMESTONE CREATIONS*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   1:13-cv-02871-MSK-BNB

DISTINCTIVE MANTLE DESIGNS, INC., a Colorado corporation,

      Plaintiff,

v.

BENJAMIN MICHAEL BUTTON, an individual;
MICHAEL BUTTON, an individual;
AFFINITY FIREPLACES, a Colorado limited liability company; and
CAST LIMESTONE CREATIONS, a Colorado limited liability company,

      Defendants.

**ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIAL MATERIAL**

      I, _____, declare under the penalty of perjury, that:

    (a)    My present residential address is _____;

    (b)    My present employer is _____ and the address of my present employer is _____
_____;

    (c)    My present occupation or job description is _____;

    (d)    I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated, under the Order of the Court, to hold in confidence and not to disclose the contents of anything marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY," except as permitted under the terms of this Protective Order. I will use the "Confidential," "Highly

Confidential" or "Attorneys Eyes Only" information solely for purposes relating to the above-captioned litigation. I will never use said information, directly or indirectly, in competition with the Designating Party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) At the termination of this Action or at any time requested by counsel, I will return to counsel for the party by whom I am employed, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting "Confidential," "Highly Confidential" or "Attorneys Eyes Only" information, which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(f) I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Designating Party.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: _____

Printed: _____

Declarant: _____